IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRY NEAL,

                Plaintiff,              OPINION AND ORDER

v.                                     20-cv-503-wmc

MARIO CANZIANI and
BRANDON DROST,

                Defendants.

---

*Pro se* plaintiff Perry Neal is incarcerated at Stanley Correctional Institution ("Stanley") and seeks reconsideration of the court's opinion granting defendants' motion for summary judgment. (Dkt. #93.) Although for the most part Neal raises disagreements with the court's ruling that are meritless and fail to justify reconsideration, he has identified statements in a late-filed affidavit that the court did not consider in resolving the parties' cross motions for summary judgment and that *may* support an equal protection claim against defendant Drost. Before resetting this matter for trial on that claim, however, the court will reopen the case for the limited purposes of conducting discovery as to that affiant's statements and permitting defendant Drost to renew his motion for summary judgment based on that evidence. At the same time, the court's earlier grant of summary judgment to defendant Canziani stands.

OPINION

Under Federal Rule of Civil Procedure 59(e), a court may reconsider a final judgment (1) based on newly discovered material evidence or intervening changes in the

controlling law or (2) to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). However, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Thus, Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing, two grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

To begin here, Neal asserts that in granting summary judgment to Canziani, the court erred by relying on an "altered" document. Specifically, Neal points out that Canziani attached a version of a letter to his declaration that Neal had not actually received. (*See* dkt. #59-2.) However, in their reply materials, defendants corrected that mistake by submitting the substantially identical letter that Canziani actually sent Neal on January 16, 2020, and that Neal does not dispute receiving. (*See* dkt. #72, #72-1.) While Neal now argues that the court failed to acknowledge that Canziani had submitted "fraudulent" material to the court, the incorrect submission was a mistake, not an attempt to defraud Neal or the court and subsequently corrected. Hence, Neal has established no basis to reconsider the court's earlier grant of summary judgment as to Canziani.

2

As for Drost, Neal raises four grounds for reconsideration, the last of which has merit. First, Neal states that the court erred in how it described Drost's reason for changing the policy about which inmates were allowed access to the resource room. The court observed that Drost had received complaints about Neal specifically and decided it was better to allow only veterans access to the resource room. Neal takes issue with this, arguing that the record establishes that Drost's only reason for the change was to exclude all non-veterans. Although it was undisputed at summary judgment that Drost received complaints about Neal, even assuming that was Drost's reason to make a change did not relate to those complaints, Neal still did show that Drost excluded Neal from the resource room *because of his race*. Thus, this is no basis to reconsider the court's ruling.

Second, Neal takes issue with the court's statement that, after Drost changed the policy, there was "some uncertainty about how the policy change was to be enforced." (Dkt. #80, at 3.) Neal claims it was undisputed that non-veteran clerks -- in particular, inmates Mike Reit and Jimmy Ramirez -- were allowed access to the resource room *and* that Drost approved their access. However, the only evidence Neal offered of Drost's involvement at summary judgment was that inmate Balistreri told him that Drost directed him to post a list of inmates allowed in the resource room, including Reit and Ramirez, which the court excluded as hearsay. Neal now claims this exclusion was in error because the only import of Balistreri's statement was to prompt him to talk to Drost about the change in policy, during which he made Drost aware of Correctional Officer Blink's racist comments about him, Neal has not shown that exclusion of Balistreri's statement establishes a manifest error of law or fact. On the contrary, for purposes of summary

3

judgment, the court accepted that Neal spoke with Drost about the policy change *and* that Drost was aware of CO Blink's comments, but also that the record established Drost's subsequent correction of Blink's behavior, including directing him to exclude *all* non-veteran inmates from the resource room. Thus, the evidence before the court still does not support an inference that *Drost* excluded Neal from the resource room because of his race.

Third, Neal takes issue with the court's handling of two, other pieces of evidence related to Drost's knowledge that inmates Reit and Ramirez were still being allowed in the resource room after the policy change, despite their being non-veterans like Neal. However, the court expressly considered the first of these pieces of evidence at summary judgment. Specifically, Neal had submitted a one-page document that he says was posted by Drost and showed Reit and Ramirez had access to the resource room. The court did not accept that document for that purpose, however, finding it, too, was hearsay. Neal now argues that this was also error because the court accepted statements from Canziani made in unsigned letters, yet rejected Drost's unsigned document. However, Canziani attested to the truth of the statements in his letters, while the document Neal references was not only unsigned and undated (*see* dkt. #37-1), but Drost attested that he was not even aware such a document existed. Thus, it was classic hearsay.

Still, Neal insists that a Stanley sergeant would testify at trial that (1) the notice was posted and (2) there were problems with racist veterans, including CO Blink, of which Drost was aware. (*See* dkt. #93, at 5; dkt. #92.) The court accepted half of what the sergeant would testify to as true, but found "even accepting that Drost had allowed the [two other] non-veteran clerks in the resource room, th[ose] two clerks are not similarly

4

situated to Neal, who was working as a custodian." (Dkt. #80, at 8.) Since Neal has not shown that the court erred in distinguishing him from the non-veteran clerks, he once again fails to show grounds to reconsider.

Fourth and finally, Neal continues to assert that a reasonable jury could find that he faced racism from other inmates and CO Blink. In granting summary judgment, the court found that Blink's racist comments cannot be imputed to Drost, because he took corrective action after learning about them. That leads to Neal's last piece of evidence, which was not before the court at summary judgment. In a supplemental affidavit that Neal filed on April 3, 2023, inmate Ramirez attested that Drost allowed him to access the resource room for an entire two years, meaning even after December 2019 when the policy had changed. (Dkt. #74.) Ramirez further attested not only that he learned CO Blink and another inmate had set up Neal to have him removed from the resource room because of his race, but also that when he alerted Drost to Blink's behavior, Drost responded that he would investigate the matter and not to discuss it with anyone. (*Id.* ¶¶ 5, 7.) If true, this evidence *might* arguably support an inference that Drost condoned Blink's racist behavior or intent to keep Neal out of the resource room because of his race or, worse, facilitated the racist climate in the resource room, all of which supports an equal protection claim against Drost. *See Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (to be personally liable for another individual's actions, a supervisor must have "condoned or acquiesced in a subordinate's unconstitutional treatment of [plaintiff]").

Although Neal did not obtain leave of court to submit Ramirez's supplemental affidavit, the court is willing to excuse this failure given Neal's *pro se* status and the possible

5

significance of Ramirez's potential testimony in this case. However, this late-filed evidence does not change the fact that Drost had disciplined Blink *and* changed the policy to allow only veterans into the resource room, unless he was aware Ramirez had been grandfathered in. Thus, before setting this matter for trial, the court will allow defendant Drost the opportunity to take Ramirez's deposition about their interactions related to Neal's and other non-veterans' access to the resource room, and if appropriate, to renew his motion for summary judgment on a more robust record with regard to Ramirez's actual testimony.

## ORDER

IT IS ORDERED that:

1) Plaintiff Perry Neals motion for reconsideration (dkt. #93) is GRANTED as to defendant Drost and DENIED as to defendant Canziani.

2) Defendants have until **November 27, 2023,** to depose Jimmy Ramirez. If defendants take Ramirez's deposition within this timeframe, they may also have fourteen more days after receipt of the deposition transcript to file a renewed motion for summary judgment as to Drost. Failing either, Drost is to advise the court promptly and this case will proceed to trial as to Drost.

Entered this 26th day of September, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge